IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMISON HARVEY JOHNSON | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO. RWT-06-2807 |
| P. O. FLAHERTY, et al | * | |
| Respondents. | | |
| | *** | |

**MEMORANDUM OPINION**

Jamison Harvey Johnson ("Johnson") is currently in custody and confined at the Maryland Correctional Training Center in Hagerstown, Maryland. On October 25, 2006, the Court received for filing the instant matter filed by Johnson on a 28 U.S.C. § 2254 habeas form. (Paper No. 1). Johnson references 1988 bank robbery and robbery convictions and 1989 sentences he received in this Court and seemingly asks for a final disposition of the federal detainer warrant. (Id.). He states that he has already served ten years and six months of a 20-year state sentence and has kept an exemplary adjustment history and met many rehabilitative requirements. (Id.).

Because Johnson seeks to compel a federal agency to take action, his cause of action has been construed as a 28 U.S.C. § 1361 Petition for Writ of Mandamus. Under 28 U.S.C. § 1361, federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. In order to meet the requirements for mandamus relief, Petitioner must show: that he has the clear legal right to the relief sought; that Respondent has a clear legal duty to do the particular act requested; and that no other adequate remedy is available. The failure to show any of these prerequisites defeats a district court's jurisdiction under § 1361. *See National Association of*

*Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993). In addition, mandamus cannot be used to compel the performance of discretionary duties of federal government officers; mandamus will lie only to compel ministerial acts. *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *Plato v. Roudebush*, 397 F. Supp. 1295, 1304-05 (D. Md. 1975). A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment. *See Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984).

The record before this Court shows that after a six-day jury trial on November 16, 1988, Johnson was convicted of two counts of bank robbery and one count of assault during a bank robbery. *See United States v. Johnson*, Criminal No. JH-88-0208 (D. Md.). The original judgment, entered on March 6, 1989, was twice amended. Johnson was sentenced to a sixty-one and one-half-month term, without parole, and a total 3-year term of supervised release. Id. at Paper Nos. 76, 81, & 85. The judgment was affirmed by the United States Court of Appeals for the Fourth Circuit. Upon petition by the U.S. Department of Probation, on August 15, 1994, an Order was entered for the issuance of bench warrant against Johnson for an alleged violation of his supervised release. Id. According to the criminal docket, the warrant has not been executed.

This Petition shall be dismissed without prejudice. Johnson is currently serving a Maryland sentence. He claims that the warrant is impeding his ability to entering programs "related to that detainer." Johnson, however, has not shown that: (i) he has a constitutional right to the lifting of

the detainer; (ii) he has no alternative remedies to the relief he seeks; or (iii) the U.S. Department of Probation has a clear ministerial duty to remove or execute the detainer.[1]

A separate Order shall be entered dismissing this cause of action.

Date: 11/2/06                                                                  /s/
                                                                    ROGER W. TITUS
                                                                    UNITED STATES DISTRICT JUDGE

---

[1] While a probation revocation hearing generally must be conducted in accordance with due process, as long as the violation warrant is issued while the sentencing court still has jurisdiction over the probationer, the revoction hearing and execution of warrant may be held in abeyance for the intervening sentence. *See Mauney v. Garrison*, 558 F.2d 214 (4th Cir. 1977); *see also Gaddy v. Michael*, 519 F.2d 669, 674 (4th Cir. 1975).